# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE RICHARDSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. JURCAK, E. PEARCH, RICKS,<br>R. MYERS, S. DAY, AND G. DOSER,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:02-cv-05672-LJO PC<br><br>ORDER FOLLOWING TELEPHONIC TRIAL CONFIRMATION HEARING<br><br>ORDER ACCEPTING STIPULATION, GRANTING REQUEST TO ALLOW CUSTODIANS OF RECORD TO AUTHENTICATE VIA DECLARATION, ADDRESSING DEFENDANTS' EVIDENTIARY OBJECTIONS, AND ADDRESSING PLAINTIFF'S MOTIONS IN LIMINE<br><br>(Doc. 96) |

　　　Plaintiff Wayne Richardson ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This is an action for damages proceeding on plaintiff's complaint, filed June 6, 2002, against defendants C. Jurcak, E. Pearch, Ricks, R. Myers, S. Day, and G. Doser ("defendants") on plaintiff's claim that defendants violated plaintiff's rights under the Eighth Amendment of the United States Constitution on August 9, 1999, when they failed to protect plaintiff prior to and during the course of an attack on plaintiff by inmate Moore.

　　　A telephonic trial confirmation hearing was held in this case on January 4, 2007, at 9:30 a.m. This matter is confirmed for jury trial on January 23, 2007, at 9:00 a.m. However, pursuant to the parties' representation that a settlement conference might be helpful in resolving this case, a

1    telephonic settlement conference was set for January 8, 2007, at 9:30 a.m. in Courtroom 7 before the
2    Honorable Sandra M. Snyder by separate order.
3        The Pretrial Order in this case was filed on December 22, 2006. Neither plaintiff nor
4    defendants filed written objections or raised objections during the hearing.
5        As discussed during the hearing, to prevent requiring MTA Johnson to testify and to promote
6    the speedy resolution of the trial, defendants offered to stipulate that "Plaintiff, Wayne Richardson,
7    received immediate medical attention from medical staff following the stabbing. Medical Technical
8    Assistants are Licensed Vocational Nurses. At least two Medical Technical Assistants responded
9    to the Prison Industry Building and offered Plaintiff first aid and escorted him to the infirmary on
10   a stretcher." Plaintiff did not object to the stipulation, and it is accepted.
11       Defendants requested that the custodians of record be permitted to authenticate documents
12   via their declarations rather than by appearance at trial, and plaintiff had no objection. During the
13   hearing, defendants withdrew their objections to plaintiff's proposed Exhibits C and H, which are
14   California Department of Corrections and Rehabilitation documents, on the basis of foundation.
15   Accordingly, no disputes over the authenticity of CDCR documents exist and defendants' request
16   is granted. The custodians of record may authenticate documents by declaration.
17       As discussed during the hearing, defendants' objection to plaintiff's Exhibits B, D, and F,
18   which are discovery documents, is resolved in that it is unnecessary for plaintiff to show the
19   documents to the jury. Plaintiff may read from them and show them to witnesses as is necessary and
20   permissible. Defendants' objection to plaintiff's Exhibit C, a CDC-128 form, coming into evidence
21   on the ground that it contains hearsay is sustained. Defendants' objections to plaintiff's Exhibit G,
22   a portion of plaintiff's tort claim, as irrelevant, incomplete, lacking foundation, cumulative, and
23   containing hearsay are sustained. Defendants' objection to plaintiff's Exhibit H, a CDC-837
24   Crime/Incident Report, coming into evidence on the ground that it contains hearsay is sustained.
25       Finally, during the hearing plaintiff raised motions in limine regarding two marijuana joints
26   found during a search of his cell on August 9, 1999, his criminal conviction (commitment offense),
27   and two batteries involving other inmates in 1997. Defendants withdrew their proffer of evidence
28   relating to the marijuana joints, and plaintiff's motion as to that issue is moot. Defendants are

entitled to offer evidence of plaintiff's and plaintiff's inmate witnesses' felony convictions for impeachment purposes, and plaintiff's motion as to that issue is denied. Regarding the two incidents of battery, defendants have until 4:00 p.m. on January 8, 2007, within which to provide plaintiff and the court with copies of their documentary evidence establishing a link between those events and the incident on August 9, 1999. If defendants are unable to cite any evidence establishing a link between the events, in support of their theories concerning motivation and retaliation, plaintiff's motion to exclude evidence of these battery incidents shall be granted.

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' proposed stipulation concerning MTA Johnson is accepted;
2. Defendants' request that the custodians of record be permitted to authenticate via declaration is granted;
3. Defendants' objections to plaintiff's Exhibits C, G, and H are sustained;
4. Plaintiff's motion in limine relating to the marijuana joints is denied as moot;
5. Plaintiff's motion in limine relating to his criminal conviction is denied; and
6. Defendants have until 4:00 p.m. on January 8, 2007, within which to submit documentary evidence establishing a link between the battery incidents in 1997 and the incident at issue in this action.

IT IS SO ORDERED.

Dated:   **January 4, 2007**           /s/ Lawrence J. O'Neill
b9ed48                                 UNITED STATES MAGISTRATE JUDGE